UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M.,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. ED CV 17-1011-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On May 21, 2017, plaintiff John M. filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision, whether the Administrative Law Judge ("ALJ") properly considered the opinion of plaintiff's examining physician, Dr. Jack Akmakjian, M.D. Memorandum in Support of Complaint ("P. Mem.") at 5-10; *see* Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-5.

Having carefully studied the parties' memoranda, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that the ALJ erred in rejecting a portion of Dr. Akmakjian's opinion without explanation, but such error was harmless. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff has an eleventh grade education and was fifty (50) years old on his alleged disability onset date. AR at 36, 57. He has past relevant work as a production manager. *Id.* at 53.

On September 12, 2013, plaintiff filed an application for a period of disability and DIB, alleging disability due to depression, anxiety, lower back pain, lower hip pain, chronic pain, weakness, chronic fatigue, insomnia, nightmares, and memory issues. *Id.* at 57-58. The Commissioner denied plaintiff's application initially and upon reconsideration, after which plaintiff filed a request for a hearing. *Id.* at 8-11, 90-102.

On July 22, 2015, plaintiff appeared and testified at a hearing before the ALJ. *Id.* at 33-56. The ALJ also heard testimony from vocational expert Mary Jesco. *Id.* at 51-56. On September 15, 2015, the ALJ denied plaintiff's claims for benefits. *Id.* at 14-27.

Applying the five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since September 25, 2012, the alleged disability onset date. *Id.* at 16.

At step two, the ALJ found plaintiff suffered from the following severe impairments: degenerative disc disease involving the lumbar spine with radiculopathy on the left side, disorder of the left hip, obesity, fibromyalgia, and depression. *Id.*

At step three, the ALJ found plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1. *Id.*

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined he had the RFC to perform medium, with the limitations that plaintiff could: lift and carry no more than 15 pounds occasionally and 10 pounds frequently, and push and pull within those weight limits; stand and walk four hours out of an eight-hour day, with no prolonged standing or walking greater than 30 minutes at a time with the ability to use a cane if needed; and sit for six hours out of an hour-hour workday. *Id.* at 18. The ALJ precluded plaintiff from: climbing ladders, ropes, or scaffolds; work at unprotected heights or around dangerous unguarded moving machinery; and driving commercial vehicles. *Id.* The ALJ further determined that, mentally, plaintiff is limited to non-complex tasks requiring no more than occasional contact with the general public, performed in a static environment, and no more than occasional tasks which require teamwork. *Id.*

At step four, the ALJ determined that plaintiff is incapable of performing his past relevant work as a production manager. *Id.* at 26.

At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including small parts assembler, gluer, and textile assembler. *Id.* at 26-27. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

Security Act. *Id.* at 27.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4. The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that

of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## **DISCUSSION**

Dr. Jack H. Akmakjian, an orthopedic surgeon, examined plaintiff on January 17, 2014 in the context of his workers' compensation claim. AR at 1531. With respect to work restrictions, Dr. Akmakjian opined plaintiff should: be able to change positions as needed; do no heavy lifting regarding the cervical or lumbar spine; and do no repetitive work overhead for the cervical spine. *Id.* at 1539. The ALJ discussed Dr. Akmakjian's findings, including the opinion just stated. *Id.* at 20-21. But the ALJ did not incorporate all of these limitations into her RFC determination. *See id.* at 18.

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. §§ 404.1527(b), 416.927(b).[2] In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. §§ 404.1527(c), (e) 416.927(c),(3); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th

---

[2] All citations to the Code of Federal Regulations refer to regulations applicable to claims filed before March 27, 2017.

Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

Here, the ALJ did not articulate any reasons for rejecting part of Dr. Akmakjian's opinion. Defendant argues it is apparent that she rejected the opinion as inconsistent with the other medical evidence, given her discussion of the record. That may well have been the ALJ's reasoning, but she failed to so state. The ALJ did not provide that or any other reason for rejecting Dr. Akmakjian's opinion. The court's review is limited to the reasons actually given by the ALJ, not those she could have given. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." (citation omitted)).

Nonetheless, the ALJ's error in rejecting part of Dr. Akmakjian's opinion without reason was harmless. Plaintiff argues it was not harmless error, contending Dr. Akmakjian's opinion that plaintiff "should be able to change positions as needed" undermines the ALJ's step five finding. P. Mem. at 9-10.

Plaintiff argues Dr. Akmakjian's opinion is essentially that plaintiff should be able to sit, stand, or walk at will, not just have a sit/stand option. *Id.* This is not a fair interpretation of Dr. Akmakjian's opinion.

As relevant here, the ALJ determined plaintiff's RFC included the ability to stand or walk for four hours out of eight, with no prolonged standing or walking greater than thirty minutes at a time, and the ability to sit six hours out of eight. AR at 18. The vocational expert ("VE") testified that someone with this RFC could perform the jobs of small parts assembler, gluer, and textile assembler. *Id.* at 54. The ALJ included no option to change positions as needed in her RFC determination, contrary to Dr. Akmakjian's opinion. But at the hearing, plaintiff's counsel asked the VE whether a person who needed a sit-stand at will option could perform the jobs cited by the VE, and the VE testified in the affirmative, stating "these particular jobs would not be eroded." *Id.* at 55. The ALJ recognized this testimony in her decision, stating: "Even if the additional limitations of an option to sit and stand at will and a limitation to low stress as proposed by the claimant's representative were adopted, the vocational expert testified that the claimant could still perform the alternate work activity described below." *Id.* at 24.

Plaintiff argues this does not render the ALJ's error in rejecting Dr. Akmakjian's opinion harmless, because Dr. Akmakjian opined plaintiff should be able to sit, stand, *or walk* at will, and the VE's testimony does not address a walk at will option. The court disagrees with plaintiff's interpretation of Dr. Akmakjian's opinion. His opinion was just that plaintiff should be able to change positions. A sit-stand at will option fairly encompasses this. There is no basis to find Dr. Akmakjian opined plaintiff also needed to walk at will.

Accordingly, given the VE's testimony, which the ALJ indicated she accepted, the ALJ's error in not including a sit-stand at will option in her RFC

determination without having provided specific and legitimate reasons to reject Dr. Akmakjian's opinion was harmless. Had she included such an option, she still would have concluded at step five that plaintiff is not disabled.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: March 30, 2019

SHERI PYM
United States Magistrate Judge